**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ANTHONY SANCHEZ and EDUARDO LUNA** *for themselves and as representatives*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **METLIFE, INC.** *et al.*, <br><br> **Defendants.** | **Civil Action No.: 23-23073 (ES) (MAH)** <br><br> **OPINION** |

SALAS, DISTRICT JUDGE

Plaintiffs Anthony Sanchez and Eduardo Luna (together, "Plaintiffs") brought this putative class action on behalf of themselves and others similarly situated against Defendants Refresco Beverages U.S., Inc. ("Refresco"), MetLife Inc. ("MetLife") and Rosa Velazquez, a Refresco employee, (together "Defendants") asserting (i) a third-party beneficiary contractual claim; (ii) unjust enrichment claim; and (iii) claim under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("N.J. RICO"), N.J.S.A. § 2C:41–1, *et seq.* (D.E. No. 1-1 ("Complaint" or "Compl.") ¶¶ 43–59). Before the Court are Plaintiffs' objections (D.E. No. 48 ("Plaintiffs' Objections" or "Pl. Obj.")) to the report and recommendation issued by the Honorable Michael A. Hammer, U.S.M.J., in which Judge Hammer recommends that Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Bergen County be denied. (D.E. No. 47 ("Report and Recommendation" or "R&R")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

For the following reasons, the Court adopts in full Judge Hammer's Report and Recommendation. Accordingly, Plaintiff's motion to remand this matter (D.E. No. 40 ("Motion")) is **DENIED**.

## I.      BACKGROUND

### A.      Factual Allegations

According to the Complaint, Plaintiffs were, at all times relevant to the litigation, employees of defendant Refresco. (Compl. ¶¶ 5–6). Refresco privately contracts with defendant MetLife to provide its employees with (i) temporary disability benefits; and (ii) short-term disability benefits, which are governed by two distinct benefit plans. (*Id.* ¶¶ 8 & 30–31). Those two benefit plans include: (i) the Temporary Disability Benefits Plan; and (ii) the Short-Term Disability Plan. Relevant here, only the Short-Term Disability Plan is governed by the Employee Retirement Income Security Act ("ERISA"). (*Id.* ¶ 21, 30–32 & 35–36; *see also* D.E. No. 41-1 ("Short-Term Disability Plan") & D.E. No. 41-3 ("Temporary Disability Plan")). Plaintiffs also allege that defendant Rosa Velazquez, a Refresco employee, coordinates with MetLife regarding its employees' temporary disability benefits. (Compl. ¶ 17).

*First*, Plaintiffs seek relief with respect to their temporary disability benefits. According to the Complaint, "[a]s a corporation operating in New Jersey, Refresco at all relevant times has been and is obliged to provide [temporary disability benefits] to its employees for periods in which they are unable to work." (*Id.* ¶ 12). Plaintiffs allege that to meet this publicly-imposed obligation, Refresco had the option of either (i) "paying into the State Plan as administered by the Division of Temporary Disability Benefits and Family Benefits of the New Jersey Department of Labor and Workforce Development" or (ii) applying "to the Division for permission to contract privately to provide the statutorily mandated [temporary disability benefits] to its employees, an option that Defendant Refresco opted for." (*Id.* ¶¶ 13–14). As stated above, Refresco contracted with

defendant MetLife to meet its statutory obligations to provide temporary disability benefits for its employees pursuant to the Temporary Disability Plan.  (*Id.* ¶ 16).

Pursuant to N.J.S.A. § 43:21-32, New Jersey's Temporary Disability Benefits Law, Plaintiffs allege that the contract between Refresco and MetLife concerning temporary disability benefits—the Temporary Disability Plan—was required to include provisions to assure "the weekly benefits payable under such plan for any week of disability are at least equal to the weekly benefit amount payable by the State plan . . ." as well as to meet other obligations of New Jersey's Temporary Disability Benefits Law.  (*Id.* ¶ 18).  For example, Plaintiffs allege that New Jersey's Temporary Disability Benefits Law "prescribes a seven-day waiting period, during which an otherwise eligible employee is not entitled to receive [temporary disability benefits].  However, if that employee's disability lasts beyond the seventh day, then the employer and/or its insurance carrier, is obliged to pay [temporary disability benefits] for the waiting period as well as any subsequent period of disability."  (*Id.* ¶ 19).  Despite this mandate, Plaintiffs allege that Refresco and MetLife did not pay temporary disability benefits "for the seven-day waiting period when an employee's disability last[ed] beyond the waiting period."  (*Id.* ¶ 22).  Further, Plaintiffs claim that Defendants improperly excluded overtime hours when computing temporary disability benefits.  (*Id.* ¶¶ 23–26).  Specifically, Plaintiffs allege the exclusion of overtime hours violates New Jersey's Temporary Disability Benefits Law, which defines wages as "all compensation for personal services, including commissions and bonuses and the cash value of all compensation payable in any medium other than cash."  (*Id.* ¶¶ 23–26 (citing N.J.S.A. 43:21-40(o) and (p)).  Plaintiffs also contend that their temporary disability benefits fell below the statutorily mandated 85% percent of their wages.  (*Id.* ¶¶ 33–34).

The Complaint alleges that plaintiff Sanchez was disabled from July 26, 2021, through December 6, 2021, and was eligible for temporary disability benefits during that period.  (*Id.* ¶ 35). Plaintiffs allege that during this time plaintiff Sanchez was entitled to $618.80 per week but was instead only paid $456.00 per week.  (*Id.*).  In a similar vein, the Complaint alleges that plaintiff Luna was disabled as of May 12, 2023 and eligible for temporary disability benefits starting on that date.  (*Id.* ¶ 36).  Plaintiffs allege that plaintiff Luna was entitled to $930.85 per week but was instead paid at the rate of $578.00 per week.  (*Id.*).

Based on the aforementioned allegations, Plaintiffs assert a third-party beneficiary contractual claim against Defendants, contending that they are the intended beneficiaries of the contract between Refresco and Metlife that concerns temporary disability benefits and asserting that Refresco and Metlife have failed to pay Plaintiffs proper temporary disability benefits as required by New Jersey's Temporary Disability Benefits Law.  (*Id.* ¶¶ 43–46).  Plaintiffs further allege that Defendants' failure to pay Plaintiffs temporary disability benefits as required by New Jersey's Temporary Disability Benefits Law unjustly enriched Defendants.   (*Id.* ¶¶ 47–48). Plaintiffs also contend that any underpayment of these temporary disability benefits was not made in error, but rather was a calculated enterprise under N.J. RICO to garner for MetLife and Refresco money "which rightfully belong[ed] to the Individual Plaintiffs and the Class."  (*Id.* ¶¶ 37 & 49–59).  With respect to their temporary disability benefits, Plaintiffs seek a declaratory judgment that: (i) Defendants improperly failed to pay temporary disability benefits to Plaintiffs and class members at the required 85% rate of their wages; (ii) Defendants failed to include overtime in their calculation of temporary disability benefits; and (iii) Defendants failed to pay temporary disability benefits for the aforementioned seven-day waiting period.  (*Id.* ¶¶ 46(a)(i)–(iii), 48(a)(i)–(iii) & 59(a)(i)–(iii)).   In addition, Plaintiffs seek reformation of the Temporary Disability Benefits Plan

to: (i) "require all future [temporary disability benefit] payments [to] be made at the 85% rate;" (ii) require payment for the seven-day waiting period; and (iii) make "whole Plaintiffs and the Class members" for the underpaid temporary disability benefits. (*Id.* ¶¶ 46(b)–(c), 48(b)–(c), 59(b)–(c)). Plaintiffs further seek punitive damages, attorney's fees, and costs of suit. (*Id.* ¶¶ 46(d)–(e), 48(d)–(e), 59(d)–(e)).

*Second*, Plaintiffs also seek relief relating to their short-term disability benefits. A distinct plan—the Short-Term Disability Plan—governs those benefits, which are also distributed by MetLife. (*Id.* ¶ 31; *see also* D.E. No. 41-1 (Short-Term Disability Plan)).[1] Relevant here, the Short-Term Disability Plan is governed by ERISA. (*See, e.g.*, Short-Term Disability Plan at 55). Plaintiffs claim that MetLife and Refresco improperly charged them premiums in order to raise their short-term disability benefits to 70% of their pay. (Compl. ¶ 31). For example, Plaintiff Luna alleges that MetLife and Refresco wrongfully charged him $3.95 per week to have his short-term disability benefits raised to 70% of his pay. (*Id.* ¶ 30). As stated above, Plaintiffs assert three state law claims for (i) third party beneficiary, (ii) unjust enrichment, and (iii) N.J. RICO. (*Id.* ¶¶ 43–59). As related to their short-term disability benefits, Plaintiffs seek declaratory relief under each Count that MetLife and Refresco improperly charged their members premiums "to raise disability payments to 70%." (*Id.* ¶¶ 46(a)(iv), 48(a)(iv), 59(a)(iv)).

### B.    Procedural History

Plaintiffs initiated this putative class action on October 19, 2023, in the Superior Court of New Jersey, Law Division, Bergen County against Defendants asserting (i) a third-party beneficiary contractual claim; (ii) unjust enrichment claim; and (iii) claim under the N.J. RICO. (*Id.* ¶¶ 43–59). Plaintiffs served MetLife on November 13, 2023. (D.E. No. 1 ¶ 2). On December

---

[1]    Unless otherwise noted, pin cites to Docket Entry Number 41-1 refer to the pagination automatically generated by the Court's electronic filing system.

13, 2023, MetLife removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.  (*Id.*).  MetLife asserted that this Court has original subject matter jurisdiction pursuant to (i) 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds the $75,000 jurisdictional minimum; and (ii) 28 U.S.C. §§ 1331 and 1367 because Plaintiffs' claims regarding the alleged improper administration of the Short-Term Disability Plan are preempted by ERISA and the remaining claims regarding temporary disability benefits form the same case and controversy such that this Court should exercise supplemental jurisdiction over them.  (*Id.* ¶¶ 3–4 & 33–38).

On February 27, 2024, Plaintiffs filed a motion to remand this action to the Superior Court of New Jersey, Law Division, Bergen County.  (*See* Motion; *see also* D.E. No. 40-2 ("Mov. Br.")).[2] Plaintiffs offered three substantive arguments in support of their motion.  First, Plaintiffs argued that remand is proper because MetLife's removal was procedurally defective.  (Mov. Br. at 3–13). Second, Plaintiffs argued that there is no diversity across the parties.  (*Id.* at 13–16).  Third, Plaintiffs contended that their claims relate solely to New Jersey's Temporary Disability Benefits Law, and therefore are not subject to complete preemption under ERISA.  (*Id.* at 16–20).  On March 12, 2024, MetLife filed an opposition to the motion to remand[3] and on March 29, 2024, Plaintiffs filed a reply.  (D.E. No. 41 ("Opp. Br."); D.E. No. 45 ("Reply")).

---

[2]      Plaintiffs initially filed their motion to remand on January 9, 2024.  (D.E. No. 17).  On February 2, 2024, Plaintiffs filed a motion to supplement their January 9, 2024 motion to remand.  (D.E. No. 29).  On February 9, 2024, Judge Hammer terminated both the January 9, 2024 motion to remand, and the motion to supplement, and directed Plaintiffs to "present all of their arguments for remand in one, cohesive motion."  (D.E. No. 34).  Thereafter, Plaintiffs refiled their motion to remand on February 27, 2024.  (*See* Motion).

[3]      On March 12, 2024, defendants Refresco and Rosa Velazquez filed a notice informing the Court that they join in the opposition to Plaintiffs' motion to remand that had been filed by MetLife.  (D.E. No. 42).  As such, when referring to the opposition filed by MetLife, the Court will refer to the submission as if it had been filed by all Defendants.

On May 28, 2024, Judge Hammer issued a Report and Recommendation recommending that Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Bergen County be denied.  (*See* R&R).  First, Judge Hammer found that MetLife's removal was not procedurally defective.  (*Id.* at 5–8).  Second, Judge Hammer concluded that there was no complete diversity between the parties, such that the Court could exercise original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  (*Id.* at 9–13).  Third, Judge Hammer found that Plaintiffs' claims regarding the premiums Plaintiffs were charged under the Short-Term Disability Plan were subject to complete preemption under ERISA, such that the Court could exercise original jurisdiction over those claims pursuant to 28 U.S.C. § 1331.  (*Id.* at 13–19).  And Judge Hammer concluded that the Court could exercise supplemental jurisdiction over Plaintiffs' remaining claims relating to temporary disability benefits pursuant to 28 U.S.C. § 1367.  (*Id.* at 20).  On June 12, 2024, Plaintiffs filed objections to the Report and Recommendation.  (*See* Pl. Obj.).  On June 26, 2024, MetLife filed a brief in opposition to Plaintiffs' objections (D.E. No. 49 ("Def. Opp.")), and on that same day defendant Refresco filed a notice that it joins in MetLife's opposition to Plaintiffs' objections.  (D.E. No. 50).[4]

## II.   LEGAL STANDARDS

### A.   Review of Report and Recommendation

The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue.  When a magistrate judge addresses non-dispositive matters, a magistrate judge has authority to enter an order.  Fed. R. Civ. P. 72(a).  When a magistrate judge addresses motions that are considered dispositive, such as to grant or deny a motion to remand an action to state court, a magistrate judge submits a report and recommendation

---

[4]     It does not appear that defendant Velazquez joined in MetLife's opposition to Plaintiffs' objections.  (*See* D.E. No. 50).

to the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service.[5]  L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(2).  When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); *see also* 28 U.S.C. § 636(b)(1).  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If the Court overrules the objections, the Court has an obligation to "give some reasoned consideration to the magistrate's report before adopting it as the decision of the Court."  *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017).  "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review.  At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard."  *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012).  (internal quotations, citations, and brackets omitted).  "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the

---

[5]     Here, as Judge Hammer specified in the Report and Recommendation, the parties had 14 days, or until June 11, 2024, to file objections to the Report and Recommendation.  (*See* R&R at 21).  Nevertheless, Plaintiffs did not file objections to the Report and Recommendation until June 12, 2024, because Plaintiffs' "office internet was destroyed" in the preceding days.  (Pl. Obj. at 1).  In the interest of justice, the Court will consider and address Plaintiffs' delayed objections to the Report and Recommendation.  *See Farella v. Rutgers Univ. Police Dep't*, No. 09-4910, 2010 WL 3907351, at *3 (D.N.J. Sept. 30, 2010).

record.'" *Sportscare of Am., P.C. v. Multipian, Inc.*, No. 10-4414, 2011 WL 500195, at \*1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

**B.    Motion to Remand**

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading.  28 U.S.C §§ 1441 & 1446. Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court.  28 U.S.C. § 1447.  Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).  A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).  The defendant seeking removal bears the burden of demonstrating "the existence and continuance of federal jurisdiction."  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

**III.    DISCUSSION**

**A.    Whether MetLife's Removal was Procedurally Defective**

As stated, in their motion to remand, Plaintiffs first argued that remand was required because MetLife's removal was procedurally defective.  (Mov. Br. at 3–13).  More specifically, according to Plaintiffs, defendant Velazquez did not consent to removal, and therefore MetLife's removal violated the rule of unanimity, which requires all defendants to join in the notice of removal.  (Mov. Br. at 1–13).  In opposition, MetLife contended that its removal did not violate

the rule of unanimity because defendant Velazquez had not been served at the time of removal, and therefore her consent was not necessary.  (Opp. Br. at 5–11).  Further, MetLife asserted that Plaintiffs' procedural arguments should be rejected because they were not brought before this Court within the necessary thirty-day window pursuant to 28 U.S.C. § 1447(c).  (*Id.* at 11–14).  After considering the parties' arguments, Judge Hammer concluded that MetLife did not violate the rule of unanimity because defendant Velazquez had not been served at the time of removal, and therefore her consent was not necessary.  (R&R at 6–7).  Further, Judge Hammer found that Plaintiffs' arguments regarding the procedural deficiencies of MetLife's removal were untimely and therefore waived because they were not brought within the required thirty-day window pursuant to 28 U.S.C. § 1447(c).  (*Id.* at 8).  Neither of the parties objected to this portion (set forth in Section II(A)) of Judge Hammer's Report and Recommendation.    Finding these recommendations to be free of clear error, the Court ADOPTS Section II(A) of Judge Hammer's Report and Recommendation, which found that MetLife did not violate the rule of unanimity and that Plaintiffs' procedural arguments are untimely.  *See Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (noting that a court considering portions of a report and recommendation to which no objections have been lodged is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *Sportscare of Am., P.C.*, 2011 WL 500195, at *1.

    **B.**    **Whether the Parties are Diverse**

In their motion to remand, Plaintiffs next argued that remand was required because the parties lack diversity based on Plaintiffs' and defendant Velazquez's New Jersey residence.  (Mov. Br. at 13).  In opposition, Defendants maintained that the parties are diverse because defendant Velazquez was fraudulently joined and therefore the Court should disregard her New Jersey

Citizenship. (Opp. Br. at 16–20). Judge Hammer concluded that defendant Velazquez was not fraudulently joined in this case and thus found that there was no complete diversity between the parties such that the Court could exercise original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (R&R at 9–13). Neither of the parties objected to this portion (set forth in Section II(B)) of Judge Hammer's Report and Recommendation. Finding these recommendations to be free of clear error, the Court ADOPTS Section II(B) of Judge Hammer's Report and Recommendation, which found that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *See Univac Dental Co.*, 702 F. Supp. 2d at 469.

### C.  Whether There is Complete Preemption under ERISA

In their motion to remand, Plaintiffs next argued that remand was required because the legal duty they are seeking to enforce through their claims for (i) third party beneficiary; (ii) unjust enrichment and (iii) N.J. RICO arises solely from New Jersey's Temporary Disability Benefits Law and not ERISA. (Mov. Br. at 16–20). Accordingly, they contended that none of the claims asserted in their Complaint are subject to complete preemption under ERISA. (*Id.*). In opposition, MetLife contended that the basis of its removal is unrelated to New Jersey's Temporary Disability Benefits Law. (Opp. Br. at 20–12). Rather, it pointed out that it predicated removal on Plaintiffs' request that the Court "declare that MetLife and Refresco improperly charged Plaintiffs a premium to increase their *short-term disability benefits*." (*Id.* at 24 (emphasis added)). Because these allegations relate to the Short-Term Disability Plan—which is governed by ERISA—MetLife maintained that the Court has federal question jurisdiction over Plaintiffs' claims relating to short-term disability benefits because those claims are subject to complete preemption under ERISA. (Opp. Br. at 20–25). And it argued that because the Court has federal question jurisdiction over Plaintiffs' claims relating to short-term disability benefits, the Court should exercise supplemental

jurisdiction over Plaintiffs' remaining claims concerning temporary disability benefits, which are governed under the separate state-mandated Temporary Disability Plan. (*Id.* at 25–27).

After considering the parties' arguments, Judge Hammer concluded that Plaintiffs' claims regarding the premiums Plaintiffs were charged under the Short-Term Disability Plan were subject to complete preemption under ERISA, such that the Court could exercise original jurisdiction over those claims pursuant to 28 U.S.C. § 1331. (R&R at 13–19). And Judge Hammer concluded that the Court could exercise supplemental jurisdiction over Plaintiffs' remaining claims concerning temporary disability benefits, which are governed under the separate Temporary Disability Plan, pursuant to 28 U.S.C. § 1367. (*Id.* at 20). As such, Judge Hammer recommended that the Court deny Plaintiffs' motion to remand. (*Id.* at 20–21). Plaintiffs filed objections to this portion of Judge Hammer's Report and Recommendation, which is set forth in Section II(C)(i)–(iii) of that opinion, arguing that Judge Hammer erred in recommending that their remand motion be denied based on His Honor's finding that this Court has federal question jurisdiction under ERISA, 28 U.S.C. §§ 1001 *et. seq.* (*See generally* Pl. Obj.). Accordingly, Section II(C)(i)–(iii) of Judge Hammer's Report and Recommendation is subject to *de novo* review. *City of Long Branch*, 866 F.3d at 99. For the reasons set forth below, the Court agrees with Section II(C)(i)–(iii) of Judge Hammer's Report and Recommendation and as such OVERRULES Plaintiffs' objections.

A district court has original jurisdiction over claims "arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. The federal statute at issue in this action is ERISA, which was enacted "to ensure the proper administration of pension and welfare plans, both during the years of the employee's active service and in his or her retirement years" by "protecting the financial security of plan participants and beneficiaries." *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 81 (3d Cir. 2012). Through ERISA, Congress established "detailed disclosure and reporting

obligations for plans and imposes various participation, vesting, and funding requirements" as well as standards of conduct for plan fiduciaries. *Id.* (citations omitted).

To determine whether a claim "arises under" federal law and is therefore removable from state court, the Court applies the "well-pleaded complaint rule." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Allstate Ins. Co. v. 65 Security Plan*, 879 F.2d 90, 92–93 (3d Cir. 1989). Under the well-pleaded complaint rule, removal is proper only if a federal question is presented on the face of the plaintiff's well pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983). However, the Supreme Court has recognized an exception to the well-pleaded complaint rule known as "complete preemption," which applies when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995) (quoting *Taylor*, 481 U.S. at 63 (internal quotation marks omitted)). ERISA's "civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004)).

There is a two-part test to determine whether a state law claim is completely preempted under Section 502(a). State law causes of action in a complaint are completely preempted by ERISA and therefore removable to federal court only when (i) a plaintiff could have brought his claim under ERISA § 502(a) (29 U.S.C. § 1132(a)), and (ii) no other independent legal duty is implicated by a defendant's actions. *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (citing *Davila*, 542 U.S. at 210). This two-

part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Tishman*, 760 F.3d at 303 (citation omitted).  Although "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law," *Pascack Valley Hosp.*, 388 F. 3d at 400 (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir.2001)), the burden of establishing removal jurisdiction rests with defendants.  *Dukes*, 57 F.3d at 359.

Here, Plaintiffs object to the portion of Judge Hammer's Report and Recommendation that found that Plaintiffs' claims relating to short-term disability benefits are subject to complete preemption under ERISA because they contend that (i) the state law causes of action asserted in their complaint could not have been brought under ERISA § 502(a) (29 U.S.C. § 1132(a)), and (ii) an independent legal duty supports their claims.  (*See generally* Pl. Obj.).  The Court will consider Plaintiffs' objections, and whether each prong of the *Pascack* test is satisfied, in turn.

### i.    Whether Plaintiffs Could Have Brought Their Claims Under ERISA § 502(a)

In the Report and Recommendation, Judge Hammer found that Plaintiffs' claims relating to short-term disability benefits could have been brought under ERISA § 502(a) (29 U.S.C. § 1132(a)).  As such, Judge Hammer found that the first prong of the *Pascack* test had been satisfied. (R&R at 14–17).  In reaching this conclusion, Judge Hammer began by noting that Plaintiffs are the type of parties that can bring a Section 502(a) claim relating to short-term disability benefits because as employees of Refresco, they are beneficiaries of the Short-Term Disability Plan, provided by MetLife governing those benefits.  (*Id.* at 16).  Judge Hammer then found that Plaintiffs' claims regarding the premium charges under the Short-Term Disability Plan are colorable claims under Section 502(a) because they require the Court to make a determination

14

regarding the premium payments due under the Short-Term Disability Plan, which is governed by ERISA. (*Id.* at 17). Judge Hammer noted that, with respect to short-term disability benefits, each count of the Complaint asks the Court to declare that MetLife and Refresco improperly charged their members premiums to raise short-term disability payments to 70% of their pay, and that those claims relate to the Short-Term Disability Plan provided by MetLife. (*Id.*). As such, although Plaintiffs argued that they could not have brought their claims under ERISA § 502(a) because they do not seek any rights to benefits under the Short-Term Disability Plan, Judge Hammer found that Plaintiffs' specific allegations regarding short-term disability benefits are more accurately categorized as a right to payment under the Short-Term Disability Plan and could have been asserted under ERISA § 502(a). (*Id.*).

Plaintiffs object to this portion of Judge Hammer's Report and Recommendation, arguing that the state law causes of action asserted in their complaint could not have been brought under ERISA § 502(a). (Pl. Obj. at 2–4). To be sure, Plaintiffs concede that they are the type of parties that can bring a Section 502(a) claim relating to short-term disability benefits because, as employees of Refresco, they are beneficiaries of the Short-Term Disability Plan governing those benefits. (*Id.* at 2). Nevertheless, they contend that that the actual claim they are asserting cannot be construed as a colorable claim for benefits pursuant to Section 502(a) because they are not seeking to reclaim the increased premiums extracted by MetLife and Refresco in exchange for increasing their short-term disability benefits to 70% of their wages. (*Id.*). Rather, they assert that "the *actual claim* that the Plaintiffs assert" in this case is that Defendants failed to follow the New Jersey Temporary Disability Benefits Law's requirement that payments, not premiums, of disability benefits be made at the statutorily mandated 85% percent of their wages. (*Id.* at 2–3). In other words, Plaintiffs assert that they are only requesting the Court to examine what Defendants

paid out to Plaintiffs and other disabled Refresco employees and whether those payments conform to the requirements of New Jersey's Temporary Disability Benefits Law, regardless of what any ERISA governed plan says. (*Id.* at 4). As such, they contend that Defendants cannot establish the first prong of the *Pascack* test. (*Id.*).

In opposition, MetLife contends that Plaintiffs misunderstand the basis of their removal, which is unrelated to New Jersey's Temporary Disability Benefits Law. (Def. Opp. at 10). Rather, MetLife points out that it predicated removal on Plaintiffs' request that the Court declare that MetLife and Refresco improperly charged Plaintiffs a premium to increase their *short-term disability benefits*. (*Id.*). They contend that Plaintiffs did not pay premiums for an increase in benefits under the state-mandated Temporary Disability Benefits Plan governing temporary disability benefits; rather, they paid premiums to increase *short-term disability benefits* under a *separate* disability plan between Refresco and MetLife which is governed by ERISA—the Short-Term Disability Plan. (Def. Opp. at 5). Thus, MetLife maintains that to the extent Plaintiffs contend they were improperly required to pay premiums for an increase in disability benefits, their claim is necessarily asserted under the ERISA-governed Short-Term Disability Plan. (Def. Opp. at 9). Accordingly, MetLife argues that Judge Hammer correctly found that Plaintiffs' allegations regarding short-term disability benefits assert colorable claims under ERISA § 502(a) because they seek a declaration as to Plaintiffs' rights under the terms of the Short-Term Disability Plan—that they are not required to pay additional premium payments under the Short-Term Disability Plan to increase their short-term disability benefits to 70% of their pay. (*Id.*). For the reasons set forth below, the Court agrees with Judge Hammer and finds that Plaintiffs' allegations relating to short-term disability benefits could have been brought under Section 502(a).

As stated above, under the first prong of the *Pascack* test, state law causes of action in a complaint are completely preempted by ERISA and therefore removable to federal court only when a plaintiff could have brought his claim under ERISA § 502(a) (29 U.S.C. § 1132(a)). *Pascack Valley Hosp.*, 388 F.3d at 400.  Courts have dissected the first prong into two parts: (i) "whether the plaintiff is the type of party that can bring a claim pursuant to Section [502(a)]"; and (ii) "whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to [§ 502(a)]." *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-0536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017).

*First*, the Court finds that Plaintiffs are the type of parties that can bring a claim pursuant to Section 502(a).  Section 502(a), "allows a *beneficiary or participant of an ERISA-regulated plan* to bring a civil action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  *Pryzbowski*, 245 F.3d at 271–72 (quoting 29 U.S.C. § 1132(a)(1)(B) (emphasis added)).  As Judge Hammer correctly noted in the Report and Recommendation, here Plaintiffs clearly satisfy that requirement because, as employees of Refresco, they are beneficiaries of the ERISA governed Short-Term Disability Plan provided by MetLife.  (R&R at 16).  And in fact, Plaintiffs concede that as beneficiaries of the Short-Term Disability Plan, they are the type of parties that can bring a claim pursuant to Section 502(a).  (*See* Pl. Obj. at 2).

*Second*, the Court finds that Plaintiffs' claims regarding the premium charges under the Short-Term Disability Plan are colorable claims under Section 502(a).  To constitute a claim that is subject to ERISA preemption, an action must be one in which a plaintiff seeks "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

17

Claims which challenge the "type, scope of provision of benefits under . . . [the] . . . plan[]" are completely preempted under ERISA. *MHA, LLC v. Empire Healthchoice HMO, Inc.*, No. 17-6391, 2018 WL 549641, at *3 (D.N.J. Jan. 25, 2018). In contrast, claims over an amount of coverage provided, which includes disputes over reimbursement provided by a plan, are not subject to preemption. *See Emergency Physicians of St. Clare's v. United Health Care*, No. 14-0404, 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014); *see also Pascack Valley Hosp.*, 388 F.3d at 403–04. Here, the Court concludes that Plaintiffs' claims relating to short-term disability benefits could have been brought under Section 502(a). As set forth above, in this case Plaintiffs seek relief relating to two distinct benefits plans (i) the state-mandated Temporary Disability Plan, which governs Plaintiffs' temporary disability benefits and (ii) the Short-Term Disability Plan, which governs Plaintiffs' short-term disability benefits. With respect to their short-term disability benefits specifically, Plaintiffs claim that MetLife and Refresco improperly charged them premiums in order to raise their *short-term disability* benefits to 70% of their pay. (Compl. ¶ 31). As discussed above, the plan that confers Plaintiffs' short-term disability benefits—the Short-Term Disability Plan—is governed by ERISA. (*See* Short-Term Disability Plan).[6] As Judge Hammer pointed out in the Report and Recommendation, Plaintiffs' allegations regarding the improper premium charges for short-term disability benefits do not solely concern a dispute about an amount of coverage provided by the Short-Term Disability Plan. (R&R at 17). Rather, Plaintiffs seek a declaration as to their "rights under the terms" of the Short-Term Disability Plan, governed by ERISA—*i.e.*, that they are not required to pay additional premium payments under the Short-Term Disability Plan to increase short-term disability benefits to 70% of their pay. 29 U.S.C. §

---

[6]     In deciding the present motion, the Court can properly consider the terms of the Short-Term Disability Plan. *See Pascack Valley Hosp.*, 388 F.3d at 400 ("[A] federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law.").

1132(a)(1)(B).  In fact, under each count of their Complaint, Plaintiffs seek declaratory relief that MetLife and Refresco improperly charged their members' premiums to raise short-term disability payments to 70%.  (Compl. ¶¶ 31, 46(a)(iv), 48(a)(iv) & 59(a)(iv)).  Because Plaintiffs allegations relating to short-term disability benefits—benefits that are conferred pursuant to an ERISA plan—are based on MetLife and Refresco's improper charging of premiums to increase those benefits, the Court finds that Plaintiffs are seeking a declaration as to their right to payment under the Short-Term Disability Plan.  In other words, their allegations relating to short-term disability benefits overlap with Section 502(a)'s cause of action for claims by a plan participant or beneficiary "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

As such, the Court agrees with Judge Hammer and finds that Plaintiffs' claims relating to short-term disability benefits are more accurately categorized as a right to payment—that they are not required to pay additional premium payments under the Short-Term Disability Plan to increase short-term disability benefits to 70% of their pay—and not simply a disagreement over an amount of coverage.  Accordingly, the Court concludes that Plaintiffs' claims relating to short-term disability benefits could have been brought under Section 502(a).  *See Sautter v. Comcast Cable Co.*, No. 14-5729, 2015 WL 5821894, at *3 (D.N.J. Oct. 1, 2015) (finding that plaintiff's claims were preempted under Section 502(a) "[b]ecause [p]laintiff's causes of action are based on [d]efendant's alleged refusal to provide a monthly stipend for health insurance premiums, which benefit is conferred pursuant to [d]efendant's ERISA plan, [as such] she is seeking to recover a benefit provided under the plan"); *Jones v. Citigroup Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (finding that plaintiff could have brought claims under Section 502(a)

because plaintiff's claims arise out of defendants' administration of the ERISA governed plan); *Tellep v. Oxford Health Plans*, No. 18-0392, 2018 WL 4590000, at \*6 (D.N.J. Sept. 25, 2018) ("Because the state law claim is based on the administration of benefits, [p]laintiff's breach of contract claim[ ] is completely preempted by ERISA."); *but see Somerset Orthopedics Assoc., P.A. v. Aetna Life Ins. Co.*, No. 06-0867, 2007 WL 432986, at \*1 (D.N.J. Feb.2, 2007) (finding the plaintiff's claim not preempted by ERISA "because it is merely based on—as stated by the defendant—the defendant's failure to pay correctly for the plaintiff's services, and thus 'the dispute is not over coverage and eligibility, *i.e.*, the right to payment, but rather over the amount of payment to which the [provider] is entitled.'" (internal quotation marks and citation omitted)).

Plaintiffs' remaining objections are unavailing.  As set forth above, Plaintiffs contend that "the *actual claim* that the Plaintiffs assert," in this case is that Defendants failed to pay the New Jersey Temporary Disability Law's requirement that payments, not premiums, of disability benefits be made at be made at the statutorily mandated 85% percent of their wages.  (Pl. Obj. at 2–3).  In other words, Plaintiffs assert that they are only requesting the Court to examine what Defendants paid to Plaintiffs and other disabled Refresco employees and whether those payments conform to the requirements of New Jersey's Temporary Disability Benefits Law, regardless of what any ERISA governed plan in this case says.  (*Id.* at 4).  The Court is not convinced.  Here, there are two relevant plans administered by MetLife to Refresco employees that are at issue in this case (i) the state-mandated Temporary Disability Benefits Plan, which governs Plaintiffs' temporary disability benefits; *and* (ii) an ERISA-governed Short-Term Disability Plan, which governs Plaintiffs' short-term disability benefits.  And Plaintiffs have asserted claims under *both* plans—that (i) they were underpaid temporary disability benefits under the state-mandated Temporary Disability Benefits Plan and (ii) incorrectly charged premiums to increase short-term

disability benefits under the ERISA-governed Short-Term Disability Plan. (*Id.*). As a result, one component of this case relating to temporary disability benefits will require the Court to examine what temporary disability benefits Defendants paid to Plaintiffs and other disabled Refresco employees and whether those payments conform to the requirements of the New Jersey Temporary Disability Benefits Law. However, here the basis of MetLife's removal is unrelated to Plaintiffs' temporary disability benefits and New Jersey's Temporary Disability Benefits Law. (Def. Opp. at 10). Rather, MetLife predicated removal on Plaintiffs' request that the Court declare that MetLife and Refresco improperly charged Plaintiffs a premium to increase their *short-term disability benefits*. (*Id.*). As MetLife points out (Def. Opp. at 5), Plaintiffs did not pay premiums for an increase in benefits under the state-mandated Temporary Disability Benefits Plan.[7] They paid premiums to increase short-term disability benefits under a separate, private disability plan between Refresco and MetLife which is governed by ERISA—the Short-Term Disability Plan. (*See* Short-Term Disability Plan; Compl. ¶ 31). Thus, to the extent Plaintiffs contend they were improperly required to pay premiums for an increase in disability benefits, their claim is necessarily asserted under the ERISA-governed Short-Term Disability Plan. And, as Judge Hammer pointed out (R&R at 17), those allegations will require the Court to make a determination regarding the premium payments under the Short-Term Disability Plan, governed by ERISA, which is separate from the allegations Plaintiffs make with respect to the underpayment of temporary disability benefits under the Temporary Disability Benefit Plan. Accordingly, as Judge

---

[7]  In fact, in connection with their opposition to the motion to remand, Defendants submitted a declaration from Nicole Barton, Senior Manager of Benefits for Refresco who explained that employees do not pay any premium to Refresco for the benefits available under the Temporary Disability Benefits Plan. (*See* D.E. No. 41-2 ("Barton Decl.")). Rather, she clarified that Refresco employees only pay premiums to increase the weekly benefits under the Short-Term Disability Plan to 70% of their wages. (*Id.*). And Plaintiffs do not contest this. (*See generally* Pl. Obj.). The Court may properly consider this declaration in deciding the present motion. *See Pascack Valley Hosp.*, 388 F.3d at 400 ("[A] federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law.").

Hammer correctly determined, Plaintiffs' claims premised on an alleged improper payment of premiums with respect to the Short-Term Disability Plan could have been asserted under Section 502(a).[8]

### ii.   Whether an Independent Legal Duty is Implicated by Defendants' Actions

In the Report and Recommendation, Judge Hammer next concluded that there was no independent legal duty as to Plaintiffs' claims regarding the charge of premiums under the Short-Term Disability Plan.  (R&R at 19).  As such, Judge Hammer found that the second prong of the *Pascack* test had been satisfied.  (*Id.*).  In so finding, Judge Hammer noted that Plaintiffs' allegations pertaining to short-term disability benefits do not arise under New Jersey's Temporary Disability Benefits Law but rather require interpretation of the Short-Term Disability Plan, which is plainly governed by ERISA.  (*Id.*).  Accordingly, because Plaintiffs cannot establish an independent legal duty for their claims regarding the Short-Term Disability Plan, Judge Hammer concluded that Plaintiffs' claims satisfy the second prong of the *Pascack* test.  (*Id.*).

Plaintiffs object to this portion of Judge Hammer's R&R, arguing that an independent legal duty supports the state law causes of action asserted in their Complaint.  (Pl. Obj. at 4–8).

---

[8]       As set forth above, Plaintiffs contend that "the *actual claim* that the Plaintiffs assert," in this case is that Defendants failed to pay the New Jersey Temporary Disability Benefits Law's requirement that payments, not premiums, of disability benefits be made at the statutorily mandated 85% percent of their wages. (Pl. Obj. at 2–3). They claim that this can be readily seen "by realizing that, even if Defendants had not charged the [] premium, Plaintiffs could have and would have pled the same Complaint." (*Id.* at 3).  They contend that omitting the allegations in the Complaint related to the premiums associated with short-term disability benefits, as well as the relief related thereto, would not have changed the essential nature of the three Counts pleaded in the Complaint.  (*Id.*).  In other words, Plaintiffs contend that they would "still be alleging each of the remaining paragraphs such that Defendants breached the mandates of the New Jersey Temporary Disability Benefits Law by their failure to pay the mandated 85% of wages." (*Id.*).  The Court is not convinced.  If Plaintiffs had in fact omitted their allegations relating to MetLife and Refresco's improper charging of premiums to increase Plaintiffs' short-term disability benefits and the relief related thereto, the Court would be dealing with a different Complaint.  However, here Plaintiffs chose to seek relief relating to *both* their (i) temporary disability benefits and (ii) short-term disability benefits.  And with respect to their allegations regarding short-term disability benefits, Plaintiffs seek a declaration as to their "rights under the terms" of the Short-Term Disability Plan—that they are not required to pay additional premium payments under the Short-Term Disability Plan to increase the short-term disability benefits to 70% of their pay.  (Compl. ¶¶ 31, 46(a)(iv), 48(a)(iv) & 59(a)(iv)).  Having so-framed their Complaint, they must now live with that choice.

Specifically, Plaintiffs contend that their state law claims for third-party beneficiary, unjust enrichment, and N.J. RICO are neither derived from nor conditioned upon the existence of any ERISA Plan but are rather derived from the New Jersey Temporary Disability Benefits Law.  (*Id.* at 5).  They maintain that no interpretation of an ERISA Plan is required to resolve their claims. (*Id.*).  Rather, they assert that the essential parts of resolving their claims are (i) the Plaintiffs' wages and earnings, including overtime to be used as the predicate for determining disability benefits; (ii) Plaintiffs' duration of disability; and (iii) the amounts Defendants paid for the period(s) of disability.  (*Id.* at 6).  Plaintiffs assert that the premium MetLife and Refresco coerced for the increase of short-term disability benefits to 70% of wages is an element of damages and is not the actual claim that Plaintiffs are bringing.  (*Id.*).

In opposition, MetLife contends that the basis of its removal is unrelated to New Jersey's Temporary Disability Benefits Law.  (Def. Opp. at 10).  Rather, it points out that it predicated removal on Plaintiffs' request that the Court declare that MetLife and Refresco improperly charged Plaintiffs a premium to increase their *short-term disability benefits*.  (*Id.*).  Because these allegations relate to the Short-Term Disability Plan—which is not governed by New Jersey's Temporary Disability Benefits Law but is rather governed by ERISA—MetLife maintains that Plaintiffs' claims relating to short-term disability benefits are not based on an independent legal duty.  (Def. Opp. at 11).  Thus, MetLife asserts that Judge Hammer properly concluded that the only legal duty giving rise to Plaintiffs' claims regarding the alleged improper charging of premiums to increase short-term disability benefits arises from ERISA.  (*Id.*).  For the reasons set forth below, the Court agrees with Judge Hammer and finds that there is no independent legal duty as to Plaintiffs' claims regarding the charge of premiums under the Short-Term Disability Plan.

As stated above, under the second prong of the *Pascack* test, state law causes of action in a complaint are completely preempted by ERISA and therefore removable to federal court only when no other independent legal duty is implicated by a defendant's actions. *Pascack Valley Hosp.*, 388 F.3d at 400. Courts have held that a legal duty is "'independent'" if it is not based on an obligation under an ERISA plan, or if it "'would exist whether or not an ERISA plan existed.'" *Tishman*, 760 F.3d at 303 (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). In other words, if the state law claim is not "'derived from, or conditioned upon,'" the terms of an ERISA plan, and "'[n]obody needs to interpret the plan to determine whether that duty exists,'" then the duty is independent. *Id.* (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)).

Here, the Court finds that there is no independent legal duty as to Plaintiffs' allegations regarding the charge of premiums under the Short-Term Disability Plan. As already discussed, in their Complaint, Plaintiffs allege that Refresco and MetLife improperly charged Plaintiff Eduardo Luna and "other class members" a premium of $3.95 per week to have their "*short-term disability* raised to 70%" of their pay. (Compl. ¶¶ 30–31). And in each count of their Complaint Plaintiffs seek declaratory relief that Refresco and MetLife improperly charged their members premiums to raise short-term disability payments to 70% of wages. (*Id.* ¶¶ 46(a)(iv), 48(a)(iv), 59(a)(iv)). As Judge Hammer concluded (R&R at 19) and contrary to Plaintiffs' assertions, these allegations do not arise under New Jersey's Temporary Disability Benefits Law, nor do they implicate the Temporary Disability Benefits Plan between MetLife and Refresco, which govern Plaintiffs' temporary disability benefits. In fact, as set forth above, Plaintiffs were not charged premiums for the benefits available under the state-mandated Temporary Disability Benefits Plan. (Barton Decl. ¶ 3.d). Rather, Plaintiffs were charged premiums to increase the benefits available under the

separate Short-Term Disability Plan offered by Refresco and administered by Metlife, which is governed by ERISA.  (*Id.* ¶ 3.c).  Thus, to the extent Plaintiffs contend they were improperly required to pay premiums for an increase in disability benefits, their claim is necessarily asserted under the ERISA-governed Short-Term Disability Plan.  Accordingly, as Judge Hammer concluded, the only legal duty giving rise to Plaintiffs' allegations regarding the alleged improper charging of premiums to increase short-term disability benefits arises from ERISA and/or the Short-Term Disability Plan itself—not New Jersey's Temporary Disability Benefits Law or the Temporary Disability Benefits Plan.  That is, Plaintiffs' allegations regarding the improper charging of premiums to increase short-term disability benefits are necessarily intertwined with and concern the administration of ERISA protected benefits.

Because Plaintiffs cannot establish an independent legal duty for their claims regarding the Short-Term Disability Plan, the Court agrees with Judge Hammer and finds that Plaintiffs' claims satisfy the second prong of the *Pascack* test for complete preemption under ERISA.  *See, e.g.*, *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 309 (D.N.J. 2013) ("Torsiello's claims, in part, revolve around the [d]efendants' not having made contributions to his 401(k) plan.  Thus, his right to recovery is intertwined 'with the interpretation and application of ERISA-protected benefits and is therefore completely preempted by ERISA.'"); *Knochel v. HealthAssurance Pennsylvania, Inc.*, No. 06-0426, 2006 WL 3040847, at *3 (W.D. Pa. Oct. 22, 2006) ("[T]he terms of plaintiffs' benefit plan is a critical part of their breach of contract and bad faith claims and defendants' liability would exist only because of defendants administration of the ERISA plan and is dependent on what particular rights and obligations are established under the plan.  Thus . . . it cannot be said that the legal duty alleged is entirely independent of ERISA."); *Pryzbowski*, 245 F.3d at 273–74.  In sum, the Court agrees with Judge Hammer and finds that Plaintiffs' claims relating to short-term

disability benefits are subject to complete preemption under ERISA, such that the Court can exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

> ### iii.     Supplemental Jurisdiction

After concluding that the Court has subject matter jurisdiction over Plaintiffs' claims relating to their short-term disability premiums pursuant to 28 U.S.C. § 1331, Judge Hammer concluded that the court could exercise supplemental jurisdiction over Plaintiffs' remaining claims regarding temporary disability benefits pursuant to 28 U.S.C. § 1367. (R&R at 20). Specifically, Judge Hammer noted that the remaining claims relating to temporary disability benefits also relate to the administration of Plaintiffs' benefits by Defendants—albeit under the distinct Temporary Disability Plan. (*Id.*). Accordingly, Judge Hammer concluded that the exercise of supplemental jurisdiction over Plaintiffs' remaining claims regarding temporary disability benefits was proper. (*Id.*). Neither of the parties objected to this portion (set forth in Section II(C)(iv)) of Judge Hammer's Report and Recommendation. Finding these recommendations to be free of clear error, the Court ADOPTS Section II(C)(iv) of Judge Hammer's Report and Recommendation, which found that the Court could exercise supplemental jurisdiction over Plaintiffs' remaining claims regarding temporary disability benefits pursuant to 28 U.S.C. § 1367. *See Univac Dental Co.*, 702 F. Supp. 2d at 469.

## IV.     CONCLUSION

Based on the foregoing, Plaintiffs' objections to Judge Hammer's Report and Recommendation are **OVERRULED.** The Court thus adopts the Report and Recommendation (D.E. No. 47) in full. Plaintiffs' motion to remand (D.E. No. 40) is accordingly **DENIED.** An appropriate Order follows.

**Dated:** September 3, 2024

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**